IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 4100 PERIMETER LIMITED PARTNERSHIP, ) ) ) Plaintiff, ) ) vs. ) ) HARTFORD CASUALTY INSURANCE ) COMPANY, ) ) Defendant. ) | | NO. CIV-14-0641-HE |

## ORDER

Plaintiff has moved to exclude the testimony of James Young on Daubert grounds.[1] Based on the information included in Mr. Young's expert report and the various submissions of the parties, the court concludes a hearing is unnecessary in deciding the motion.

The general standards for a Daubert challenge to expert testimony are well established. "In accord with Rule 702, the Supreme Court has determined that the [trial judge] 'must ensure that any and all scientific testimony or evidence is not only relevant, but reliable.'" Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1232 (10th Cir. 2004) (quoting Daubert, 509 U.S. at 589). This gatekeeper function applies to all expert testimony, not merely to that deemed to be "scientific" in nature. Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147-49 (1999). Rule 702 provides:

> A witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (a) the expert's scientific, technical, or other specialized knowledge will help the trier

---

[1] *Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579 (1993). See also Fed.R.Evid. 702, which substantially incorporates the principles of Daubert.*

of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In deciding the admissibility of expert testimony, the court must determine whether the expert is proposing to testify to scientific or other specialized knowledge which will assist the trier of fact in understanding or determining a fact in issue. Daubert, 509 U.S. at 592. The court first determines whether the proposed expert "is qualified by 'knowledge, skill, experience, training, or education' to render an opinion." United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed.R.Evid. 702). Further, to be qualified, the expert's knowledge, skill, experience, training or education must be relevant to the facts or matters at issue. Ralston v. Smith & Nephew Richards Inc., 275 F.3d 965, 969 (10th Cir. 2001) The court then conducts a further two-part inquiry, determining first if the expert's proffered testimony has "'a reliable basis in the knowledge and experience of his [or her] discipline.'" Bitler, 400 F.3d at 1232-33 (quoting Daubert, 509 U.S. at 592). In making this determination, the district court must decide "'whether the reasoning or methodology underlying the testimony is scientifically valid.'" Id. at 1233 (quoting Daubert, 509 U.S. at 592-93). Second, the district court must inquire "into whether proposed testimony is sufficiently 'relevant to the task at hand.'" Id. at 1234 (quoting Daubert, 509 U.S. at 597). Is there an appropriate "fit" between the evidence offered and the material issue to which it is directed?

In applying these principles to Mr. Young, the necessary starting point is determining

2

what opinion testimony he is expected to offer. To some extent, both parties seem to assume a broader range of potential testimony from Mr. Young than is warranted. In the court's view, the starting place and the ending place is the opinions identified in his expert report [Doc. #51-3]. *See* Fed.R.Civ.Pro. 26(a)(2) (requiring expert reports contain "a complete statement of all opinions to be expressed"); *see also* Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (noting that "a district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless"). That report indicates he seeks to offer two opinions: (1) "I found this roof to be in a NON-REPAIRABLE condition." and (2) "It is my opinion that the non-repairable damage to this roof was caused by the hail storm on May 29, 2012." These opinions do not include any reference to the heating, ventilation and air conditioning ("HVAC") systems, and Mr. Young apparently acknowledges his lack of expertise in that area. Therefore, he will not be allowed to offer any opinion as to whether the HVAC system required replacement or repair.

To the extent defendant argues Mr. Young is not qualified to render an opinion as to the condition of the roof or the need for replacement, the court concludes otherwise. Mr. Young's expert report indicates he has many years' experience in the roofing or roof-related business, including over 20 years' experience with inspecting low-slope roofs of the type involved in this case. He is licensed and certified as a commercial roof inspector. Defendant notes he has no college degree and is not an engineer but, as noted above, the necessary expertise can be gained by experience and there is no requirement for any particular formal education if an expert is otherwise qualified. Mr. Young is sufficiently qualified to render

an opinion in this area.

As to the reliability of Mr. Young's opinion as to the need for replacement of the roof, the question is somewhat closer as the report and related deposition testimony do not provide much explanation of the basis for that conclusion. However, the court concludes a sufficient basis for admissibility of his opinion has been shown, based on his experience, his inspection of the roof, and his analysis of the condition of it. Defendant objects that Mr. Young's theory as to how the damage occurred—his "wave theory"—is not reliable or supported by scientific or other evidence. However, whether the specific condition of it was due to some sort of "wave" phenomenon, or the application of some other principle of physics, seems somewhat beside the point, assuming that the resulting condition was at least caused by the storm. The central question here is the condition of the roof and whether it could be repaired, or needed full replacement. The court concludes there is a sufficiently reliable basis for Mr. Young's first opinion (condition of roof and need for replacement) to be admissible, and that the other questions raised by defendant go to weight rather than admissibility.

That is not true as to Mr. Young's second opinion—that the condition of the roof was caused by the hail storm on May 29, 2012. He indicates he inspected the roof in June of 2014, more than two years later. He has no apparent basis, other than what others have told him, for concluding (or assuming) that the condition of the roof as he found it in 2014 was due to a particular storm two years earlier. Therefore, while his inspection of the roof might support an opinion that it reflected hail damage, he has no reliable basis for offering an opinion as to what storm caused it. Any such conclusion in that regard will have to be

established independently of Mr. Young.

Defendant's motion to exclude Mr. Young's testimony [Doc. #51] is **GRANTED IN PART** and **DENIED IN PART**, as indicated above. Apart from noting that Mr. Young's opinions will be limited to those timely identified in his expert report, defendant's motions to strike attachments to plaintiff's response [Doc. Nos. 57 & 59] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of August, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE