# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 4100 PERIMETER LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-14-0641-HE |
| | ) | |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff is the owner of a commercial building which sustained storm damage from a May 29, 2012 storm.  The building was covered at the time by an insurance policy, issued by defendant Hartford Casualty Insurance Company ("Hartford"), which included coverage for property damage due to storms.  Hartford paid various amounts to plaintiff in connection with its claim, based on amounts it viewed as necessary to repair the storm damage.  Plaintiff was dissatisfied with the amounts paid and eventually invoked the appraisal process under the policy.  The appraisal umpire's decision determined total replacement of the roof and the heating, ventilation and air conditioning ("HVAC") system was warranted, which resulted in a substantial award to plaintiff.  Defendant rejected the appraisal determination.  This suit followed.

Plaintiff asserts claims for both breach of contract and for bad faith breach.  Defendant has moved for summary judgment on both claims.

On a motion for summary judgment, the moving party bears the burden of proving that (1) no genuine issue of material fact exists, and (2) based on the undisputed facts, the

movant is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(a). If the movant

carries this burden, the court must grant summary judgement. *Id.* In determining whether

this standard is met, the court views the evidence in the light most favorable to the non-

moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). The court

views the evidence and draws reasonable inferences therefrom in the light most favorable to

the non-moving party. Foster v. Alliedsignal, Inc., 298 F.3d 1187, 1192 (10th Cir. 2002).

Applying these standards to the parties' submissions, the court concludes defendant's

motion should be denied as to the breach of contract claim but granted as to the claim for bad

faith.

Facts

The bulk of the background facts are undisputed. Plaintiff's property sustained storm

damage on May 29, 2012. Plaintiff reported the loss to Hartford on July 12, 2012. Within

one month of plaintiff reporting the damage, defendant had third-party adjusters assess the

damage done to the roof and the HVAC system. Hartford paid plaintiff a total of $28,682.31

based on the repair estimates, less depreciation and plaintiff's deductible.

On October 11, 2012, plaintiff requested a reinspection of the property. Defendant

advised that in order to receive a reinspection, plaintiff would need to provide a contractor's

estimate. Five and a half months later, plaintiff submitted an estimate for roof repair in the

amount of $29,250.00. This estimate apparently included some repairs which were within

the scope of the losses already paid by Hartford. The one-page estimate included a total, but

did not detail how much each repair would cost. Defendant then sent out one of its

inspectors, who estimated that additional repairs in the amount of $2,638.85 (after deducting depreciation) were necessary. On April 9, 2013–two weeks after plaintiff submitted its estimate–defendant issued a supplemental payment of $2,638.85 to plaintiff.

On June 21, 2013, plaintiff submitted a demand for appraisal under the insurance policy. Pursuant to the policy, each party selected its own appraiser. Plaintiff's appraiser took the position that full replacement of both the roof and the HVAC system was necessary at an estimated cost of $499,001.43. Defendant's appraiser took the position that plaintiff had already been fully compensated for its loss. The appraisers then designated an umpire, who ultimately agreed with the position of plaintiff's appraiser. The appraisal award, issued December 3, 2014, was based on full replacement of the roof and HVAC system, rather than just repair costs.

On January 3, 2014, defendant rejected the appraisal award and closed its consideration of plaintiff's claim. Thereafter, plaintiff protested the rejection and filed a complaint with the Oklahoma Department of Insurance. A mediation occurred on April 18, 2014, but agreement was not reached.

Plaintiff filed this lawsuit on May 13, 2014. Approximately three months later, plaintiff replaced the roof and HVAC system. The total cost was $374,044.99. At least the roof portion of the cost was the exact amount determined by the appraisal. Plaintiff had not previously attempted to repair the roof or HVAC system, but ultimately applied the prior payments from defendant toward the total replacement.

It is also undisputed that two buildings adjacent to plaintiff's property were also

3

damaged in the May 29, 2012, storm. The roofs of both of those buildings, one of which was insured by Hartford, were totally replaced.

Discussion

Unlike the situation often presented in similar storm damage disputes, the question here is close as to the disposition of the contract claim. Plaintiff's submissions do not identify any direct evidence as to the condition of the building's roof and HVAC system. They do not identify any particular basis for suggesting that defendant's assessment of the damage was inaccurate. And it appears undisputed that, up to the time of the appraisal process, plaintiff had never even suggested that full replacement of the roof and HVAC system was necessary. Apart from whatever inferences one might draw from the fact of the appraisal award—and it is unclear whether the appraisers' opinion would constitute admissible evidence anyway—there is little in the summary judgment submissions to suggest that Hartford breached the insurance contract by not replacing the whole roof and system. However, recognizing that, in the present context, all inferences from the evidence must be drawn in favor of the plaintiff, the court concludes—barely—that defendant's motion should be denied as to the contract claim. There is evidence that plaintiff disagreed with Hartford's adjustment of the claim. There is evidence that the roofs of adjacent buildings were totally replaced, rather than repaired. While the latter fact may well prove to have little weight, given the apparent differences in the types of roofs involved, it is at least some evidence arguably suggesting that replacement of plaintiff's roof was warranted and hence covered by the policy. The motion for summary judgment will be denied as to the contract claim.

4

The court concludes otherwise as to the bad faith claim. To succeed on such a claim, plaintiff must establish that (1) it was covered under the insurance policy at issue; (2) the insurer acted unreasonably under the circumstances; (3) the insurer did not deal fairly and in good faith in handling the claim; and (4) the insurer's failure to deal fairly and in good faith directly caused damages to plaintiff. Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1093 (Okla. 2005).

Plaintiff's submissions are insufficient to support an inference of unreasonable delay in dealing with plaintiff's claim. Hartford first inspected the property and issued payment within one month of plaintiff reporting the damage. It re-inspected and issued a supplemental payment within two weeks of plaintiff submitting the necessary document to trigger reinspection. And it timely participated in the appraisal process. Plaintiff argues that Hartford unreasonably delayed during the post-denial period, including its lack of response to plaintiff's inquiries until the Oklahoma Insurance Department got involved, but defendant's actions during this period are not relevant to a bad-faith claim which focuses on "the knowledge and belief of the insurer during the time period the claim is being reviewed." *See* Buzzard v. McDanel, 824 P.2d 1105, 1109 (Okla. 1991)**.** Claimed delays after denial–when the review process is concluded–are not relevant to resolution of the bad faith claim. *See id.* at 1115 (concluding that information known to the insurer *"after the denial of the claim"* was not relevant) (emphasis in original); *see also* Hale v. A.G. Ins. Co., 138 P.3d 567, 571-72 (Okla. Civ. App. 2006) ("the analysis in bad faith cases indicates the cutoff for relevant evidence is the date of payment or denial of the claim).

Plaintiff argues that this cutoff for relevant evidence ought not to apply here because defendant "manipulated...the deadline for its exposure to a bad-faith claim" by briefly reopening the claim two times before this suit was filed. Response to Motion for Summary Judgment [Doc. #54] at 22-23.[1] However, it is the *denial* of the claim–not the opening or closing of the claim file–which determines the relevant scope of conduct for a bad faith claim. *See* Buzzard, 824 P.2d at 1109, 1115; *see also* Hale, 138 P.3d at 571-72.

Plaintiff suggests that it nearly missed the filing deadline imposed on it by the policy and/or the statute of limitations, and that this is evidence of bad-faith delay by defendant. But plaintiff did not miss the deadline to file this case and the circumstances do not support an inference that defendant unreasonably delayed in an effort to force a missed deadline.

To the extent plaintiff relies on Hartford's refusal to accept the appraisal award, that refusal is not evidence of bad faith in these circumstances. It was not bound to accept the appraisal award, either by contract or by Oklahoma law, and had a right to reject the award altogether. *See* Massey v. Farmers Ins. Co., 837 P.2d 880, 884 (Okla. 1992) (holding that appraisal awards are not binding on the non-invoking party because a contrary holding would violate the right to a jury); Policy [Doc. #60-1], Special Property Coverage Form § E(2) at 36 ("If there is an appraisal, we will still retain our right to deny the claim."). Further, there was a reasonable basis for Hartford's objection to the award, given that plaintiff had never requested total replacement of the roof and HVAC system prior to the appraisal and the

---

[1]*Page numbers are based on those used by the CM/ECF system.*

award was far outside the parameters of the discussions up to that point.[2]  The estimate that plaintiff submitted from its contractor had been for repair, not replacement, and gave no indication of seeking a payment anywhere near what the appraisal umpire concluded. Defendant's objection to the appraisal award is not, in these circumstances, an indication of bad faith.

As noted above, there was evidence that the roofs and related structures for adjacent buildings had been totally replaced rather than repaired, including one insured by Hartford. That is, as indicated, some evidence that replacement of the roof may have been warranted. However, given the undisputed fact that those adjacent roofs were different in type from that of plaintiff, the differing responses by defendant to the different roofs do not support an inference of bad faith.

In short, even viewing plaintiff's submissions in the light most favorable to it, they do not support an inference of bad faith and show, at most, a good faith dispute as to the determination of loss under the policy.  The motion will be granted as to the bad faith claim.

<u>Conclusion</u>

For the reasons stated, defendant's motion for summary judgment [Doc. #52] is **GRANTED** as to plaintiff's bad faith claim but **DENIED** as to the breach of contract claim. Defendant's motion to bifurcate the trial [Doc. #68] is **STRICKEN** as **MOOT**.

---

[2]*Plaintiff purports to dispute defendant's Fact 54 relating to what plaintiff sought, but cites no evidence that it ever, pre-appraisal, asserted a right to replacement rather than repair.*

**IT IS SO ORDERED**.

Dated this 20th day of August, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE